UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN REGIONAL MEDICAL CENTER, INC. and CANCER TREATMENT CENTERS OF AMERICA PROFESSIONAL CORPORATION OF PENNSYLVANIA, P.C.,<br><br>                      **Plaintiffs,**<br><br>   - *against* -<br><br>GREGORY BATTEY,<br><br>                      **Defendant.** | 13cv7594 (VB)(LMS)<br><br>**REPORT AND RECOMMENDATION** |

TO:    THE HONORABLE VINCENT BRICCETTI,
        UNITED STATES DISTRICT JUDGE

This action was commenced on October 28, 2013, by Plaintiffs, Eastern Regional Medical Center, Inc. ("ERMC") and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C. ("PCP") (collectively "Plaintiffs"). Compl., Oct. 28, 2013, ECF No. 1. The Complaint alleges a state law claim of breach of contract and in the alternative, equitable claims of unjust enrichment and promissory estoppel against Defendant Gregory Battey ("Defendant"). Id. A copy of the Summons and Complaint was served on Defendant on November 19, 2013, by serving Imani Battey, a person of suitable age and discretion who resides with the Defendant. Aff. of Service, Nov. 19, 2013, ECF No. 2. On January 6, 2014, Plaintiffs requested entry of default judgment against the Defendant for failure to plead or otherwise defend the claims asserted by Plaintiffs. Request for Entry of Default, Jan. 6, 2014, ECF No. 3.

On February 24, 2014, Your Honor granted Plaintiffs' request for entry of a default judgment against Defendant. See Minute Entry, Feb. 24, 2014. The issue of the amount of damages to which the Plaintiffs may be entitled was referred to me for an inquest on damages.

See Order Referring Case to Magistrate Judge, Feb. 24, 2014, ECF No. 14. On March 24, 2014, I held a status conference at which the Defendant failed to make an appearance. See Minute Entry, Mar. 24, 2014. On April 29, 2014, Plaintiffs filed papers in support of their requested damages. See Pls.' Letter, Apr. 29, 2014, ECF No. 17. On September 29, 2014, I issued an Order requiring Plaintiffs to (1) file an amended affidavit; and (2) submit to the Court un-redacted copies of invoices for in camera review. Order 2, Sept. 29, 2014, ECF No. 22. On October 9, 2014, Plaintiffs filed un-redacted invoices for in camera review and the amended affidavit of Sheena Kauppinen, with attached Patient Spouse Payment Agreement (the "Payment Agreement"). See Pls.' Letter, Oct. 9, 2014, Attach. A[1]; See Am. Kauppinen Aff., Oct. 9, 2014, ECF No. 23.

For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that a default judgment be entered against Defendant Gregory Battey in the amount of $470,254.02, plus prejudgment interest and post-judgment interest as set forth herein.

## BACKGROUND

Plaintiffs ERMC and PCP are both Pennsylvania corporations with their principal places of business in Philadelphia. Compl. ¶¶ 1-2. Defendant Gregory Battey is a citizen of and is domiciled in Middletown, New York.[2] Id. ¶ 3.

---

[1] The Court ordered Plaintiffs to produce the invoices for in camera review for the purpose of preventing disclosure of confidential health information. See Order 2, Sept. 29, 2014.

[2] Defendant's last known address is 206 Greencrest Drive, Middletown, NY 10941. See Compl. ¶ 3. However, Defendant has not filed an answer or otherwise communicated with the Court.

2

From approximately March, 2012, through March, 2013, Cheryl Battey ("Patient"), late wife of Defendant, sought medical treatment from Plaintiffs. Id. ¶ 6. On April 2, 2012, Patient entered into the "Payment Agreement" with Plaintiffs. Id. ¶¶ 7-8; Payment Agreement, Am. Kauppinen Aff. Ex. A. Under the Payment Agreement, Defendant signed as Patient's spouse and agreed to (1) "guaranty payment to [ERMC] and PCP of any and all amounts owed by Patient," (2) "assign to ERMC and PCP any and all benefits payable under any health insurance plan covering Patient," (3) pay over checks received from a third party payor to ERMC; and (4) "reimburse [ERMC] and PCP for the costs and expenses (including attorney fees) of enforcing this agreement." Payment Agreement ¶¶ 1-4, Am. Kauppinen Aff. Ex. A. Additionally, the Payment Agreement states that if Patient or spouse were to violate any provision relating to the payment of checks received by third party payors, "that [ERMC] and PCP shall have, in addition to all other rights, the right to file suit against Patient and Spouse on the theory of conversion." Id. ¶ 4.

Plaintiffs have billed Defendant for the costs of services provided, but have not received full payment. Compl. ¶¶ 13-14. Furthermore, Plaintiffs believe that the Defendant has received checks or drafts from Patient's health insurer(s) or health plans(s) and that, contrary to the terms of the Payment Agreement, Defendant has not endorsed or delivered said checks or drafts to ERMC. Id. ¶¶ 16-17. Consequently, Plaintiffs demand judgment against Defendant in the amount of $470,254.02, together with post-judgment interest, costs, and reasonable attorneys' fees.[3] Id. at 5.

---

[3] Plaintiffs' Complaint demands damages in the amount of $477,640.22. Compl. ¶ 27. However in Plaintiffs' letter in support of damages the requested amount is amended to $470,254.02. Pls.' Letter 2, Apr. 29, 2014.

3

## DISCUSSION

### I. Legal Standard

Upon the default of a party, a court must accept as true all factual allegations in the complaint, except those relating to damages, and a plaintiff is entitled to all reasonable inferences from the evidence offered, but the court nonetheless has discretion to decide whether the facts set forth in the complaint state a valid claim. See, e.g., Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also, e.g., Nwagboli v. Teamwork Transp. Corp., No. 08 Civ. 4562, 2009 WL 4797777, at *2 (S.D.N.Y. Dec. 7, 2009) ("When assessing the propriety of a damages award after a judgment by default is entered, a court must be satisfied initially that the allegations of the complaint are well-pleaded.") (internal quotation marks and citation omitted).

"A default judgment that is entered on the well-pleaded allegations in a complaint establishes a defendant's liability, and the sole issue that remains before the court is whether the plaintiff can show, with 'reasonable certainty,' entitlement to the amount of damages [he or she] seeks." Trinity Biotech, Inc. v. Reidy, 665 F. Supp. 2d 377, 380 (S.D.N.Y. 2009) (citations omitted). Rule 54(c) of the Federal Rules of Civil Procedure requires that "a default judgment must not differ in kind from, or exceed in amount, that [which] is demanded in the pleadings." GAKM Res. LLC. v. Jaylyn Sales Inc., No. 08 Civ. 6030, 2009 WL 2150891, at *2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citations omitted). In determining the amount of damages to be awarded, "under Rule 55(b)(2) [of the Federal Rules of Civil Procedure], 'it [is] not necessary for the District Court to hold a hearing, as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

4

## II.  Analysis

In this inquest proceeding, Plaintiffs seek a monetary award in the amount of $470,254.02 based on their claim against Defendant for breach of contract.

### A.  Breach of Contract

"Under New York law, a breach of contract action requires proof of: (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." Nwagboli, 2009 WL 4797777, at *3 (internal quotation marks, citation, and footnote omitted).

Plaintiffs allege that they executed the Payment Agreement with Patient and Defendant, acted in reliance on the Payment Agreement by providing medical services and treatment to Patient, and that all obligations to Patient were performed in full. Compl. ¶¶ 21-22. Plaintiffs further allege that Defendant has failed or refused to pay Plaintiffs in full for services and has failed to endorse and/or deliver ERMC checks and drafts received from third party payors. Id. ¶¶ 24-25. Plaintiffs claim that Defendant's breach of the Payment Agreement has directly and proximately caused damages in the amount of $470,254.02. Id. ¶ 27; see also Pls.' Letter 2, Apr. 29, 2014. Plaintiffs' factual allegations, accepted as true, establish a claim for breach of contract.[4]

Damages are recoverable on a claim for breach of contract and "are determined by calculating the amount necessary to put the plaintiff in the same economic position he [or she] would have been in had the defendant fulfilled his [or her] contract." RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l., No. 12 Civ. 1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (internal quotation marks and citations omitted) (collecting cases), adopted by, 2013 WL

---

[4] As Plaintiffs' breach of contract claim is valid, Plaintiffs' claims of unjust enrichment and promissory estoppel are excluded from this Report and Recommendation.

5

4505255 (S.D.N.Y. Aug. 23, 2013). Plaintiffs have provided sufficient proof of the amounts due for the medical services and treatment rendered to the Patient. Plaintiffs have submitted unredacted copies of invoices sent to the Defendant for medical expenses due from November, 2012, through March, 2013. See Pls.' Letter, Oct. 9, 2014, Attach. A. The invoices show that payments by Defendant and/or a third party payor had been made on March 4, 2013, March 27, 2013, and July 3, 2013, in the total amount of $9,913.30. Id. Additionally, Ms. Kauppinen, Patient Accounts/Recovery Services Supervisor for Plaintiffs, states in her amended affidavit that additional payments in the amount of $300,000.00 were made by the Defendant to ERMC on October 10, 2013. Am. Kauppinen Aff. ¶ 8. Although Plaintiffs did not submit any invoices showing payments totaling $300,000.00, the total amount claimed by Plaintiffs—$470,254.02—does account for a $300,000.00 payment. Pls.' Letter, Oct. 9, 2013, Attach. A. The sum of the balances submitted by the Plaintiffs ($770,254.02), minus $300,000.00, leaves a remaining balance of $470,254.02 due to Plaintiffs for services and treatment rendered.[5] Id. Therefore, the evidence supports an award of $470,254.02 in damages to the Plaintiffs.

In addition, on the award of $470,254.02 in damages, Plaintiffs seek "post-judgment interest, costs, reasonable attorneys' fees and such other relief as this Court deems appropriate." Compl. 5. Although Plaintiffs do not explicitly request prejudgment interest, under New York law,[6] prejudgment interest is recoverable as a matter of right on a breach of contract claim and

---

[5] The $470,254.02 balance also accounts for Defendant's March 4, 2013, March 27, 2013, and July 3, 2013, payments totaling $9,913.30.

[6] "Specifically with regard to prejudgment interest, in a diversity case, state law governs the award of prejudgment interest." Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151, 2013 WL 5951162, at *8 (S.D.N.Y. Nov. 1, 2013) (internal quotation marks and alteration omitted) (quoting Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008)).

Plaintiffs' failure to demand prejudgment interest in the complaint does not constitute a waiver. C.P.L.R. § 5001(a) ("Interest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . ."); Mount Sinai Hospital v. Borg-Warner Corp., 527 F. Supp. 922, 924 (S.D.N.Y. 1981). New York law further provides that

> [i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

C.P.L.R. § 5001(b). The statutory interest rate in New York is 9% per annum. C.P.L.R. § 5004.

Plaintiffs do not provide a date from which prejudgment interest should be calculated, and Plaintiffs' inquest papers do not set forth a date on which its breach of contract claim arose. Accordingly, I recommend that prejudgment interest be computed from October 28, 2013, the date on which this action was filed. See Nwagboli, 2009 WL 4797777, at *12 ("[W]hen the record does not reveal the date on which a plaintiff's cause of action arose, prejudgment interest may be awarded from the date a plaintiff commenced the action.") (citing Conway v. Icahn & Co., Inc., 16 F.3d 504, 512 (2d Cir. 1994)).

Plaintiffs also request post-judgment interest pursuant to 28 U.S.C. § 1961. An award of post-judgment interest is mandatory by federal statute. See Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151, 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013). 28 U.S.C. § 1961 applies to "any money judgment in a civil case recovered in a district court" including diversity cases. 28 U.S.C. § 1961(a); see Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 112-13 (2d Cir. 2013). Accordingly, Plaintiffs are entitled to any post-judgment interest appropriate under 28 U.S.C. § 1961.

Lastly, Plaintiffs request attorneys' fees. New York follows the "American Rule" regarding an award of attorneys' fees, and "the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." A.G. Ship Maintenance Corp v. Lezak, 69 N.Y.2d 1, 5 (1986). Based upon the clear language of the Payment Agreement, Plaintiffs are entitled to attorneys' fees. See Payment Agreement ¶ 4, Am. Kauppinen Aff. Ex. A. However, although Plaintiffs sought attorneys' fees in their Complaint, they have failed to provide any evidentiary support and have not briefed this issue. The Court will reserve ruling on the issue of attorneys' fees pending Plaintiffs' submission of a fee application.

Accordingly, based on the record before the Court, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiffs are entitled to recover damages on their breach of contract claim in the amount of $470, 254.02, plus prejudgment interest at the rate of 9% per annum from October 28, 2013, until the date of entry of judgment, and post-judgment interest calculated in accordance with 28 U.S.C. § 1961.[7]

## CONCLUSION

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that a default judgment should be entered against Defendant Gregory Battey on Plaintiffs' breach of contract claim in the amount of $470,254.02, plus prejudgment interest at the rate of 9% per annum from October 28, 2013, until the date of entry of judgment, and post-judgment interest calculated in accordance with 28 U.S.C. § 1961.

---

[7] As noted above, Plaintiffs also seek "costs," see Compl. 5, but provide no evidentiary support for an award of costs. Accordingly, I decline to recommend such an award.

<u>Plaintiffs shall serve Defendant Gregory Battey with a copy of this Report and Recommendation, including copies of any unpublished decisions cited herein, at Mr. Battey's last known address, and shall file appropriate proof of service.</u>

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, <u>see</u> Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Vincent Briccetti, United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti and should not be made to the undersigned.

Dated: March 5, 2015
White Plains, New York

Respectfully submitted,

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

9